IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CYRUS CORNELL BOYD,<br><br>                        Defendant. | Criminal Action Number 3:05CR72 |

**ORDER**

THIS MATTER comes before the Court on separate motions by Defendant Cyrus Boyd to continue the trial date of April 28, 2005 and for a Bill of Particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure. For the reasons stated herein, Defendant's Motions are hereby GRANTED. Accordingly, the Government is DIRECTED to file a bill or particulars, as detailed below, on or before Monday, May 2, 2005. The trial in this matter is CONTINUED until Monday, June 27, 2005 at 10:00 AM.

The Indictment charges Defendant with fourteen counts of health care fraud in connection with transportation services provided to individuals covered by the Virginia Medical Assistance Program ("VMAP"). The Indictment alleges that from March 1, 2000 through September 30, 2001, Defendant transported fourteen ambulatory patients at various dates but billed VMAP at the more expensive wheelchair rate of service. Paragraph 8 of the Indictment identifies the particular patient by his or her initials and states the amount of the overpayment. Paragraph 9 lists the payment date, the amount billed, the amount received, the allegedly appropriate rate and the overpayment. However, the Indictment does not provide Defendant with the specific dates of service.

To the extent that the Government intends to prove that on a particular date, the patient transported did not require wheelchair services, Defendant is entitled to know the date of that service in order to investigate and defend against the charge, if possible. In any event, the burden of proof remains with the Government to initially prove that the particular patient did not require wheelchair services on the specific dates that Defendant provided transportation. The bill of particulars must connect the service date or dates to the amount billed for each patient in order to provide Defendant with adequate information so that he can understand the charges against him and avoid unfair surprise at trial. See United States v. Schembari, 484 F.2d 931, 934-35 (4th Cir. 1973).

For purposes of the Speedy Trial Act, the Court finds that the period of delay resulting from this continuance serves the ends of justice by allowing Defendant an opportunity to conduct such investigations as are deemed necessary to prepare a defense. See 18 U.S.C. § 3161(h)(8)(A).

Let the Clerk send a copy of this Order to all counsel of record.

It is SO ORDERED.

ENTERED this  19th  day of APRIL, 2005

    /s/ James R. Spencer
JAMES R. SPENCER
UNITED STATES DISTRICT JUDGE